1  Anthony  Broussard C-56988
   Folsom State Prison  3- B1- 33
2  P.O. Box 950
   Folsom, Ca. 95763
3  In Pro Per

*FILED*

2008 JUN -6 P 2: 03

RICHARD W. WIEKING
CLERK
NO. DISTRICT COURT
DIST. OF CA. S.J.

4

5              IN THE UNITED STATES  DISTRICT COURT
6              NORTHERN DISTRICT OF CALIFORNIA

7

8

9  ANTHONY  BROUSSARD        )        **MEMORANDUM OF POINTS AND**

          PETITIONER,        )        **AUTHORITIES IN SUPPORT OF PETITION**
10                           )        **FOR WRIT OF HABEAS CORPUS**
     VS.                     )        **C08  02838**     JW
11                           )        Superior, Ct. No. 82546
12 M. C. KRAMER,   WARDEN,   )
13                           )        Supreme, Ct.  No. 137767
          RESPONDENT,        )
14
   _____

15

16

17                    **ARGUMENT**

18                          **I**

19

20     PETITIONER'S RIGHTS TO DUE PROCESS PURSUANT  TO BOTH
21     THE STATE AND FEDERAL CONSTITUTIONS HAVE BEEN
       VIOLATED IN THAT THE  CONTRACTUAL AND ENFORCEABLE
22     TERMS OF HIS PLEA AGREEMENT AS WAS SET FORTH BY THE
23     PROSECUTION AT THE TIME OF PETITIONER'S ACCEPTANCE
       OF THE PLEA BARGAIN AGREEMENT HAVE SINCE BEEN
24     BREACHED IN THAT PETITIONER HAS SERVED WELL OVER
25     THE  NUMERICAL TERM PER THE PAROLE BOARD'S MATRIX
       AS SUCH  MATRIX  EXISTED AT THE TIME PETITIONER
26     ACCEPTED THE PLEA DEAL.
27

28

On August 16, 1996 Petitioner appeared before the Board of Prison Terms for his initial parole consideration hearing and was denied four (4) years. In coming to this conclusion the panel stated the following: "We do feel he'd pose an unreasonable risk of danger to society if released at this time. His very violent crime. His lack of sufficient programming. His prior antisocal behavior".

On May 23, 2001, Petitioner appeared before the Board of Prison Terms for his second parole consideration hearing and was denied another four (4) years. The panel stated the following: "The offense was carried out in an especially cruel and callous manner. The offense was carried out in an especially cruel and callous manner. The offense was carried out in a dispassionate and calculated manner'.

On September 14, 2005, Petitioner took a stipulation from the Board for two (2) years for not being prepared for the hearing that day. This was advised for him to do by his state appointed Attorney. Though Petitioner wanted to go to the Hearing, his Attorney advised him against it stating that the panel had been giving out Five Years denials and that by taking a stipulation Petitioner would only get a two (2) year denial.

Petitioner again appeared before the Board of Prison Terms on September 11, 2007 for his third parole consideration hearing and was denied five (5) years. The panel stated the following: "This Panel reviewed all information received from the public and from you. This offense was carried out in an especially cruel and callous manner. (Exhibit "F " 2007 Hearing Transcripts).

It has long been the law with regard to plea bargain's that the State must "keep its word" (People v. Mancheno, (1982) 32 Cal. 3d 855, 860) and may not try to alter the event or considerations in their favor. Also see Santabello v. New york, (1971) 404 U.S. 257, 261 [holding] that plea bargain contracts "presupposes fairness in securing agreement between accused and a prosecutor". The reciprocal nature of a plea bargain agreement mandates that either party to the be entitled to enforce the agreement in a situation where the party is deprived of the benefit of the bargain. Failure to hold a

[party] to the terms of his bargain would undermine the integrity of the judicial process. **People v. Vargas**, (2001) 91 Cal. App.4th 506, 533-34 (quoting **People v. Collins**, (1996) 45 Cal. App.4th 849, 863-64. "Plea bargain[s] must be specifically enforced". **People v. Leroy**, (1984) 155 Cal. App.3d 602, 606.

Here, in the case at bar, petitioner, as noted therein the "Facts and Procedural History" presented herein supra, was 16 years of age at the time his crime of conviction was committed and 17 years of age at the time he was convicted and sentenced pursuant to a plea agreement/bargain reached between he and the prosecution. As further noted, his current crime of conviction is that of first degree murder with him having admitted to a "special circumstance" (in the disjunctive) namely that of "rape"--all despite the explicit fact that "then" existing regulatory case authority at that time rendered minors exempt from being even charged with "special circumstances" less more such circumstances being rendered as "true findings" against minors. See **People v. Davis**, (1981) 29 Cal.3d 814, 827, 832; **People v. Prysock**, (1982) 127 Cal. App.3d 972, 1003. Moreover, the same above case authorities in the latter as well, provided that minors would inevitably be eligible for parole regardless of the degree and nature of a "given" murder committed by a minor at that time. Thus, the only "max" sentence that petitioner in this case could have recieved at that time (even as being tried as an adult) was that of 25 years to life **with** the possibility of parole after 16 years and 8 months whether he exercised his right to trial or suffered a conviction by way of plea. Thus, the only concievable incentive that petitioner

enjoyed that prompted him to plead guilty and foreclose his rights to a jury trial and various other constitutional rights was that of being released in the alotted numerical time period as was set forth by the Board of Prison Term's (BPT) "parole matrix" as that of 16 years and 8 months as so reflective there-in his sentencing transcripts. See exhibit A. However, the prosecution on the other hand, recieved a far more substantial benefit such as "promptly imposed punishment without the expendi-ture of prosecutorial resources (see **Newton v. Rumery**, (1987) 480 U.S. 386, 394) as well as such punishment being that of the maximum punishment allowed by law and furthermore, also gain-ing and "obtaining" an admission to a special circumstance of which the law precluded explicitly"--all while erroneously lead-ing petitioner to believe that part of his benefit of pleading was gaining "the possibility of parole" (further leading him/pe-titioner to believe that "no parole" was a possibility had he not pled) despite him being eligible for parole regardless. Courts and prosecutors alike are fully aware of, and rely on, the fact that when a person enters a plea to murder, they are focused on, and motivated by, the prospect of parole pursuant to the process then in place. See **Brown v. Poole**, (2003) 337 F.3d 1155 citing **INS v. St. Cyr**, (2001) 533 U.S. 289, 322-25: "inferring based on general analysis of what would motivate defendants to accept plea agreements [to murder] that parti-cular defendant[s] 'almost certainly' relied on availability of particular relief".

Here, despite having served well over the 16 year/8 month minimum (currently nearly 8 years past such minimum) to which-

3.

such minimum was reduced by nearly two years pursuant to **In re Monigold**, (1988) 205 Cal.App.3d 1224 (see exhibit F) and likewise despite petitioner having displayed substantial advancements in his maturity, remorse for the victim and her family, as well as diligent attempts (and some success) to seek "self-help" (even having had a credentialled psychologist rendering and recommending per a personal evaluation of petitioner by way of a report dated August 15, 2001 that petitioner is/was articulate and cooperative, and that he would be a reasonable candidate for parole, having stayed away from drugs for 18 consecutive years) (see exhibit C)--the "State", i.e., the BPT nonetheless, denied petitioner parole for a four year period despite such favorable report as mentioned above, instead relying on a less favorable report drafted by a different psychologist nearly five years before in 1996. See exhibit D.  Moreover, the prosecution promised petitioner therein its plea terms that the "special circumstance" would not increase his punishment (see exhibit A) but instead, averred that the importance/purpose of the admission was to commit petitioner to one version of the murder so that the BPT would later have a reliable guidepost in setting the base term for the crime (see exhibit E).  However, not only did the above rationale by the prosecution **not** make any sense as it is that petitioner's base term was already by law, set at 16 years and 8 months, but that the special circumstance allegation in affect and in fact, did carry the affect of increasing his sentence as it is that the BPT has severely "looked down" upon such "motive" standing indicative that the special circumstance proved to have quite a negative effect and

4.

bearing as to the BPT's decision in denying him parole thus far.

Accordingly, it is apparent that despite petitioner having obviously kept his part of the bargain that the state has in effect, failed to keep its part. Petitioner heard and acknowledged the prosecutor's promises, and in the process of waiving his right to trial he accepted them as part of his bargain. "The intent of the parties becomes clear upon examination of the language of the plea agreement and the conduct of the parties" during the plea colloquy. **Brown v. Poole**, supra (quoting **United States v. Bronstein**, (9th Cir. 1980) 623 F.2d 1327, 1329). Where it is clear from context what would reasonably have prompted acceptance of the agreement, even in part, no further speculative factual inquiry is needed. **Brown**, supra citing **INS v. St. Cyr**, (2001) 533 U.S. 289, 322-23, 25.

Here, the prosecution's obvious misrepresentation of the terms of the plea, i.e., guising petitioner's "automatic" eligibility for parole as being a "benefit to the bargain", and erroneously charging and having sustained the special circumstance allegation--all clearly undermines the "pressuposed fairness" (of the plea contract) in securing agreement between accused and prosecution" (**Santabello v. New York**, supra at pp. 257, 261. Moreover, the California Supreme Court stated in **In re Ibarra**, (1983) 34 Cal.3d 277, 289 that ["]invalid or illusory "'concessions'" offered by the state "constitues a species of fraud". Further, it is clear from **Santabello** that due respect for the integrity of plea bargains demands that once a defendant has carried out his part of the bargain, the

state must fulfill its part (**Brown**, **supra**); also see **United-States v. Hallam**, (9th Cir. 1973) 472 F.2d 168, 169 holding that "When a plea rests in any significant degree on a promise of agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled).

Accordingly, because petitioner has displayed an artful demonstration of his plea agreement terms having been breached, and thus has likewise served a substantial amount of time, he avers that specific performance is the only viable remedy. **Brown**, **supra** quoting **United States ex rel Baker v. Finkbeiner**, (7th Cir. 1977) 551 F.2d 180, 184 (finding that "[u]nder the circumstances of this case, it would be unjust to simply vacate the guilty plea, which theoretically would allow the state to reindict [defendant]. Since he has already performed his side of the bargain, fundamental fairness demands that the state be compelled to adhere to the agreement as well. [citing **Santa-bello**] As such, petitioner in this case should be immediately released from custody. **United States ex rel Ferris v. Finkbei-ner**, (7th Cir. 1977) 551 F.2d 185, 187 (cert denied, 435 U.S. 932 (1978)) (finding since defendant "has substantially begun performing his side of the bargain, it would not be fair to vacate the plea and require him to go through the procedure anew. Fundamental fairness can be had by limiting his term of custody to that portion of the sentence which comports with the bargain made". **Brown**, **supra**; also see **Carter v. McCarthy**, (9th Cir. 1986) 806 F.2d 1373, 1377.

In sum, because petitioner's plea agreement has been

6.

breached in this case, petitioner is no longer under the authority of the BPT, and because so, specific performance must be ordered immediately. **Brown**, supra; **United States ex rel.- Baker v. Finkbeiner**, supra at **p. 184.**

## CONCLUSION

**Wherefore,** for all of the foregoing reasons stated herein, petitioner respectfully request/prays for the sought for relief as formally requested herein, to be granted.

Executed on this _4th_ day of _June_____, 2008

Respectfully submitted,

Anthony Broussard
CDCR #C-56988    3-B1-33
P.O. Box 950
Folsom State Prison
Folsom, Ca. 95763

7.

## PRAYER FOR RELIEF

Petitioner is without remedy save for habeas corpus. According, the court should:

1. Find that petitioner, "Pro Se", has fully, with particularity including documented evidence, transcripts and declaration to issue and order to show cause.
2. Appoint counsel. Petitioner desires counsel but cannot afford. CRC 4,551 (c)(2).
3. Issue a Briefing Schedule.
4. Grant an evidentiary hearing, if necessary, on any unresolved factual issues after briefing is completed.
5. Find after careful and thorough consideration of all the evidence presented in this case that petitioner is not an unreasonable risk to society.
6. Declare that petitioner's constitutional rights have been violated and is being unlawfully imprisoned or resrained of his liberty.
7. Order that petitioner's parole date be stated.
8. That the court retain jurisdiction over this case until all orders are met.
9. That the court will issue any other order it deems necessary.

Dated: _June 4_ , 2008.

Respectfully Submitted,

Anthony Broussard, In Pro/Se.

8.

## VERIFICATION

I, Anthony Broussard, hereby declare and affirm that under penalty of perjury that all of the forgoing is true and correct and that I am the Petitioner in this instant action. All facts stated therein are true and correct of my knowledge. Further, that the attached exhibits are true and correct copies of the originals.

Executed on this 4ᵗʰ day of ___June___, 2008

Anthony Broussard

CDCR #C-56988    3-B1-33

P.O. Box 950

Folsom State Prison

Folsom, Ca. 95763

In Pro Se

9.

# PROOF OF SERVICE BY MAIL

I, <u>Anthony Broussard,</u> AM A RESIDENT OF FOLSOM STATE PRISON IN THE  COUNTY  OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS.

MY PRISON NUMBER: ___C - 56988__, MY PRISON ADDRESS: P.O. BOX 950,  FOLSOM, Ca. 95763

ON __June 4th__, 2008  I SERVED A COPY OF THE FOLLOWING DOCUMENT:

<b><u>APPLICATION FOR WRIT OF HABEAS CORPUS</u></b>
<b><u>DECLARATION OF ANTHONY BROUSSARD</u></b>

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH THE POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), REPRESA CALIFORNIA, ADDRESSED AS FOLLOWS:

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**280 S. First Street #2112**
**San Jose, Ca. 95113-3008**

THERE IS A DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS A REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON __June 4th__, 2008  AT REPRESA, CALIFORNIA

Signature here

# EXHIBIT # 1

| | |
|---|---|
| **NUMBER OF PAGES :** | 2 |
| **CASE NUMBER :** | 82546 |
| **LOG NUMBER :** | |

1  Anthony Broussard C-56988
2  Folsom State Prison  3- B1- 33
   P.O. Box 950
3  Folsom, Ca. 95763
4  In Pro Per

5
## IN THE UNITED STATES DISTRICT COURT
6
## NORTHERN DISTRICT OF CALIFORNIA
7

8
9  ANTHONY BROUSSARD        )        **APPLICATION FOR WRIT OF HABEAS CORPUS**
                            )        **DECLARATION OF ANTHONY BROUSSARD**
10        PETITIONER,       )
11                          )        Superior, Ct. No. <u>82546</u>
   VS.                      )
12                          )        Supreme Ct. No. <u>137767</u>
13 M. C. KRAMER,   WARDEN,  )
14                          )
        RESPONDENT,         )
15 _____

16
17              **DECLARATION OF ANTHONY BROUSSARD**

18
19     I, ANTHONY BROUSSARD, here by declare and affirm under the penalty of perjury and the laws
   of California and the United States of America as follows:
20       1. I am a citizen of the United States of America and a resident of the State of California. I am over
21 21 years old ( currently incarcerated therein a California Penal Facility, to wit, Folsom State Prison ) and
   competent to testify as follows:
22       2. Virtually upon the commencement of my (habeas corpus) collateral challenges since the rejection
23 of my state appeal back in 1985 up until the present time, I have invoked the legal assistance of fellow inmates,
   ('jailhouse lawyers") as it is that I am a total layman to the law.
24       3. Because of the above, I oftentimes relinquish my legal materials, i.e., transcripts, appeal records
25 and the like, to those inmate(s) who are assisting me in effectuating my petitions. As a result of having done so,
26 various records of mine have become "lost" due to a particular inmate experiencing an inadvertent (unexpected)
   Transfer from the place of incarceration where which he and I were housed.
27       4. As such, I was without various articles of my legal records, in particular my sentencing
28 transcripts for nearly the past 10 years. However, although the particular inmates who initially had possessed

them has not had any sort of contact with me since then, a mutual acquaintance of ours just recently arrived here at Folsom State Prison in possession of various articles of my legal materials, including that of my sentencing transcripts.

5. Thus, I have just been able to effectuate the claim  as outlined therein the attached habeas petition by the "re-obtained"  sentencing transcripts.

6. Furthermore, upon my agreement to accept the "plea bargain" in this instant matter, my then representing lawyer informed me that, although I was pleading to first degree murder and a 25 to life sentence, that I could not "get" such a sentence unless I was first found to be unamenable  to California Youth Authority (CYA) treatment.

7. My lawyer as well told me that if I were found to be unamenable to CYA treatment, that I would be allowed to withdraw my plea.

8. Lastly, considering the amount of time that I have served thus far, and the "self-progress" I have made, i.e., staying "clean and sober" for at least 25 consecutive years, displaying stability in maintaining a steady "job", acquiring such trade skills in Powder Coating and Metal Sign Shop, and participating in self-help programs such as NA, the Men's Advisory Council, and as other such programs that are available in a limited fashion, and undoubtedly expressing sincere remorse as to the victim in my case, I feel that I have surely met the criteria to qualify for parole, as well as for reasons that my behavior herein prison has been quite satisfactory, therefor, it appears that the BPT has simply been  relying on factors that I am unable to "ever" change, i.e., the commission of my crime, the drug use, my school behavior and the like.

I, Anthony Broussard, hereby declare and affirm under penalty of perjury on this _4th_ day of _June_ 2008. that all of the foregoing is true and correct.

Anthony  Broussard
DECLARANT

2