Anthony Broussard C-56988
Folsom State Prison 3-B1-33
P.O. Box 950
Folsom, Ca. 95763
In Pro Per

FILED
2008 JUN -6  P 2: 03
RICHARD W. WIEKING
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BROUSSARD ) | MOTION FOR A APPOINTMENT OF COUNSEL |
| ) | |
| PETITIONER, ) | Superior, Ct. No. <u>82546</u> |
| ) | |
| VS. ) | Supreme Ct. No. <u>137767</u> |
| ) | C08-02838 JW |
| M. C. KRAMER, WARDEN, ) | |
| ) | |
| RESPONDENT, ) | |
| _____ ) | |

    I, Anthony Broussard, am the Petitioner to the above referenced matter, that I am incarcerated at Folsom State Prison, and that I am indigent and unable to afford counsel. Petitioner moves the court for an order appointing counsel at public expense. 28 USC §§ 1915 (e) (1), 2254 (h); 18 USC § 3006A. Counsel should be appointed because the issues in this case are particularly complex and Petitioner a layman at law and physically incapable to proceed alone.

## THE INTERESTS OF JUSTICE REQUIRES APPOINTMENT
## OF COUNSEL IN THIS PARTICULAR CASE.

    This Court has the discretion to appoint counsel for an indigent appellant. 28 USC §§ 1915 (e) (1), 2254 (h); 18 USC §3006A. The court must determine whether the interests of justice require appointment of counsel in a particular case. 28 USC §§ 1915 (e) (1), 2254 (h); 18 USC §3006A.

    In deciding whether to appoint counsel, the court should evaluate the likelihood of success on the merits, and the ability of the pro se plaintiff to articulate his claims in light if the complexity of the issues involved, Weygandt v. Look 718 F. 2d. 952, 954 (9th cir., 1983). Also see Kreiling v. File 431 F.2d. 638,

640 (9th Cir., 1970); Chaney v. Lewis 801 F. 2d. 1191, 1196(1986). In short, exceptional circumstances are required.

A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Wilborn v. Escalderon 789 F.2d 1328, 1331 (9th Cir., 1986).

Petitioner urges the court to determine that the interests of justice require appointment of counsel in the instant case under 18 USC 3005A (a) (2) (B).

Thus appointment of counsel will not only benefit petitioner, but will also benefit the court in allowing this important issue to be briefed in the best manner possible. Moreover, 28 USC §§ 1915 (e) (1), 2254 (h) and 18 USC §3006A permits a court to appoint counsel when it "determines that the interests of justice so require." Terrovona v. Kincheloe 912 F.2d 1176, 1181 (9th Cir. 1990) Petitioner urges this court to make such a determination given the facts of the case, and the complexity of the issues involved.

"If the writ of habeas corpus is to continue to have meaningful purpose, it must be accessible not only to those with a strong legal background or the financial means to retain counsel, but also the mass of uneducated and unrepresented prisoners." Williams v. Kullman 722 F.2d 1084, 1050 (2nd Cir. 1983

## CONCLUSION

For the foregoing reasons petitioner respectfully requests this court make a finding of exceptional circumstances and appoint counsel.

Dated: June 4, 2008

Respectfully submitted,

Anthony Broussard
Petitioner In Pro. Per.

# PROOF OF SERVICE BY MAIL

I, <u>Anthony Broussard,</u> AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS.

MY PRISON NUMBER: <u>C - 56988</u>, MY PRISON ADDRESS: P.O. BOX 950, FOLSOM, Ca. 95763

ON <u>June 4</u>, 2008 I SERVED A COPY OF THE FOLLOWING DOCUMENT:

### MOTION FOR A APPOINTMENT OF COUNSEL

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH THE POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), REPRESA CALIFORNIA, ADDRESSED AS FOLLOWS:

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**280 S. First Street #2112**
**San Jose, Ca. 95113-3008**

THERE IS A DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS A REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON <u>June 4</u>, 2008 AT REPRESA, CALIFORNIA

*[signature]*
Signature here